IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3082

| | | |
|---|---|---|
| BRIAN R. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SUSAN WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 9, 2012, Brian R. Parker ("Parker" or "plaintiff"), a former state inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 [D.E. 1].[1] Parker seeks leave to proceed in forma pauperis [D.E. 2]. On May 3, 2012, Parker filed a motion for entry of default [D.E. 4]. On June 6, 2012, Parker filed a motion for default judgment [D.E. 7].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is

---

[1] On June 13, 2012, the Department of Public Safety released Parker from incarceration. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0556997&searchOffenderId=0556997&listurl=pagelistoffendersearchresults&listpage=1(last visited Dec. 26, 2012).

flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

To state a claim under section 1983, Parker must allege (1) that defendants "deprived him of a right secured by the Constitution and laws of the United States," and, (2) that defendants "deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970) (quotations omitted); see West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Kendall v. City of Chesapeake, Va., 174 F.3d 437, 440 (4th Cir. 1999). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Parker asserts claims concerning a disciplinary proceeding against him at New Hanover Correctional Institution ("NHCI"). Compl. 6–9. Parker alleges that on May 16, 2011, he was "falsely accus[]ed of being in possession of a cell phone" and ultimately convicted of a disciplinary infraction based on the accusation, even though he did not have access to the area where the cell phone was found, he was not found in the unauthorized area, the likely confidential informant upon which the charge was based had a motive for lying about him, and staff did not find any contraband

on Parker's person or among his possessions when they performed a search. Id. 7–8. Parker seeks a declaration that his disciplinary conviction violated his constitutional rights, restoration of certain privileges, and monetary damages. Id. 12–13.

It does not clearly appear from the face of the complaint that Parker is not entitled to relief. See, e.g., Wilson v. Johnson, 535 F.3d 262, 267–68 & n.8 (4th Cir. 2008). However, Parker may not proceed as to all the named defendants. Parker names several defendants—former Department of Correction Secretary Alvin Keller, Director Robert Lewis, and NHCI Superintendent Susan White—based on his assertion that they are "legally responsible" for prison operations and policies. Compl. 2–3. However, the doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 556 U.S. at 676; Monell, 436 U.S. at 694; Carter v. Morris, 164 F.3d 215, 218, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Additionally, Parker names several defendants—Couch, Capone, Jordan, Rouse, and Smith—based on their membership on the Inmate Grievance Resolution Board. Compl. 4–5. However, an inmate has no constitutional right to participate in the grievance process. See Smith v. Ray, 36 F. App'x 99, 99 (4th Cir. 2002) (per curiam) (unpublished); Adams, 40 F.3d at 75. Finally, Parker has named 200 John and Jane Doe defendants, all NHCI correctional officers. Compl. 5–6. John Doe suits are not favored in the federal courts. See, e.g., Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 2000 WL 903896, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision); Schiff v. Kennedy, 691 F.2d 196, 197–98 (4th Cir. 1982) (observing that suits against unnamed defendants are permissible only against "real, but unidentified, defendants"). Only when a plaintiff is likely to be able to identify the defendant after further discovery should a John Doe case be allowed to proceed. Schiff, 691 F.2d at 198. A plaintiff who seeks to proceed against unidentified defendants must still "provide an adequate description of some kind which is sufficient to identify the person

3

involved so that process can be served." Keno v. Doe, 74 F.R.D. 587, 588 n.2 (D.N.J. 1977); see Williams v. Burgess, Civil Action No. 3:09CV115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (unpublished). Furthermore, the complaint must provide each John Doe defendant with fair notice of the specific facts upon which his individual liability rests. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007); Williams, 2010 WL 1957105, at *3. Here, Parker fails to provide sufficient information about any unnamed defendant sufficient to identify him or her for service of process, or even to identify his or her role in Parker's disciplinary charge and conviction. Thus, the court dismisses Parker's claims against these defendants.

Finally, as for Parker's motions for entry of default and default judgment [D.E. 4, 7], the motions are premature. Federal Rule of Civil Procedure 55 provides that an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). No defendant's answer is due until after the defendant has been served with the summons and complaint. See Fed. R. Civ. P. 12. Because defendants have not been served with the summons and complaint, no answer is yet due.

In sum, Parker's claim concerning his disciplinary conviction is allowed to proceed. The court DISMISSES plaintiff's claims against defendants Keller, Lewis, White, Couch, Capone, Jordan, Rouse, Smith, and John and Jane Does 1–100, and DENIES plaintiff's motions for entry of default and default judgment [D.E. 4, 7]. The clerk shall maintain management of the action.

SO ORDERED. This 26 day of December 2012.

JAMES C. DEVER III
Chief United States District Judge

4